**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3074-22

MARIA E. MONTESDEOCA,

    Plaintiff-Appellant,

v.

JUAN LOPEZ,

    Defendant-Respondent.

_____

              Submitted October 29, 2024 – Decided November 19, 2024

              Before Judges Smith and Vanek.

              On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FD-07-0982-22.

              Maria Montesdeoca, appellant pro se.

              Respondent has not filed a brief.

PER CURIAM

    Plaintiff Maria E. Montesdeoca appeals from the portion of a May 5, 2023

Family Part order converting a prior order awarding attorney's fees to defendant

Juan Lopez into a judgment against her. Since the trial court failed to set forth the reasons for its determination as required under Rule 1:7-4, we reverse and remand for further proceedings.

We discern the salient facts from the limited record before us. It appears plaintiff filed a motion in the Family Part on March 3, 2023 addressing parenting time, custody and child support issues related to the parties' child.[1] Defendant filed a cross-motion which is not detailed in the record. On May 5, 2023, the Family Part judge made certain rulings on the record regarding parenting time and claiming the child as an exemption on the parties' tax returns. Defendant's counsel fee application for the cross-motion was denied.

In the same Family part litigation between the parties, defendant had previously been awarded attorney's fees in the amount of $2,950 by court order.[2] Plaintiff never paid the court-ordered amount to defendant. When the parties appeared before the court to argue plaintiff's March 3, 2023 motion, the trial court converted the prior order into a judgment against plaintiff for purposes of collecting the amount due.

_____

[1] The child was not identified by name or age in the record.

[2] The prior order awarding defendant counsel fees is not included in the trial court record.

The trial court did not set forth on the record the factual basis for converting the unpaid fee award to a judgment against plaintiff and did not set forth the legal authority underpinning its determination. This appeal followed.[3]

Although plaintiff filed a notice of appeal only as to the May 5 order converting the unpaid attorney's fees to a judgment, her challenge to the order awarding the $2,950 in attorney's fees is grounded in equity, the income disparity between the parties, and her ability to financially support her three children. We are unable to substantively review those arguments since plaintiff failed to appeal the prior order and the record on appeal does not contain that order or a transcript of the prior decision.

Rule 1:7-4 requires a trial court to "'state clearly [its] factual findings and correlate them with the relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App.Div.1986)). Rule 1:7-4(a) further provides that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state

---

[3] Defendant did not file a merits brief.

A-3074-22

its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order . . . ." See Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2002) (quoting R. 1:7-4).

Without a statement of reasons, "we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Ibid.

Here, the trial court did not set forth any factual findings for converting the apparent prior attorney's fee award of $2,950 to a judgment against plaintiff. No specific order was referenced on the record. Nor did the trial court articulate any legal authority underpinning its reasoning. Absent factually supported legal conclusions, we are compelled to vacate and remand the portion of the May 5, 2023 trial court order on appeal to the trial court to set forth a statement of reasons for its determination, comporting with Rule 1:7-4. See Kas Oriental Rugs, Inc. v. Ellman, 407 N.J. Super. 538, 561 (App. Div. 2009).

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3074-22